UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC R. JOYCE,

    Plaintiff,

v.

RAVINDRA N. POLAVARAPU, ET AL,

    Defendants.
_____/

Case No. 4:20-cv-13211

Stephanie Dawkins Davis
U.S. District Judge

## OPINION AND ORDER OF SUMMARY DISMISSAL

This is a *pro se* prisoner civil rights case. Plaintiff, Cedric R. Joyce, is presently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. Plaintiff sues five individually named employees of the Michigan Department of Corrections, claiming that they acted with deliberate indifference to side effects he suffered after he was prescribed medication to treat his bipolar condition when he was previously housed at the Woodlawn and Saginaw Correctional Facilities. The Court will summarily dismiss the case for plaintiff's failure to state a claim.

**I.**     **STANDARD OF DECISION**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The

1

purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it

lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. COMPLAINT

This case was originally filed in the Western District of Michigan. *See Joyce v. Eli Lilly & Company*, No. 2:20-cv-208. That Court dismissed Lilly and transferred the case here. (ECF No. 3). Five defendants remain in the case: (1) Dr. Ravindra N. Polavarapu, Medical Director at the Woodlawn Correctional Facility, (2) Dr. Sharon A. Oliver, Saginaw Correctional Facility, (3) Nurse Practitioner Susan L. Clark, Saginaw CF, (4) LMSW Ashlee J. Hansinger, Saginaw CF, and (5) David Dowty, Mental Health Rights Specialist, Saginaw CF.

The complaint and attached exhibits indicate plaintiff claims that in September of 2015, while he was at the Woodlawn facility, defendant Polavarapu prescribed Zyprexa for plaintiff's bipolar condition. Plaintiff asserts that Polavarapu did not warn him of the possible side effect of gynecomastia (male breast enlargement), nor did any of the written materials provided to him warm him of this possible side effect. Plaintiff does not contest that Zyprexa was a medically appropriate treatment for his bipolar condition.

Plaintiff was subsequently transferred to the Saginaw facility. In September of 2017, plaintiff states he first started to experience swelling in one of his breasts, along was some pain. Plaintiff complained of the symptoms in November 2017,

3

and he asserts that the Saginaw facility defendants initially told him that it was likely "nothing" and not to worry. Nevertheless, these defendants ordered a mammogram on December 18, 2017, and it was performed on January 8, 2018. The mammogram confirmed gynecomastia, and plaintiff asserts that he was told by the off-site provider that it was likely a side effect of the Zyprexa. Plaintiff states that on March 9, 2018, he elected to decrease and eventually discontinue the medication.

### III.  DISCUSSION

The Eighth Amendment bans any punishment that involves the unnecessary and wanton infliction of pain. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). It is well-established that deliberate indifference to serious medical needs constitutes the unnecessary and wanton infliction of pain. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). To state a claim for deliberate indifference to a serious medical need, a plaintiff must allege facts in support of a two-prong test. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the plaintiff must allege that the deprivation alleged is "objectively, 'sufficiently serious.'" *Id*. (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the plaintiff must allege that the prison official committing the act did so with a "'sufficiently culpable state of mind.'" *Id*. (citing *Wilson*, 501 U.S. at 302-03).

4

As to the first prong, the Sixth Circuit has defined "a [sufficiently serious] medical need ... as one 'that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Jones v. Muskegon Cnty*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008)).

As to the second prong, a plaintiff must allege more than mere negligence. *Farmer*, 511 U.S. at 835). The conduct must "demonstrate deliberateness tantamount to an intent to punish." *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir. 1988). However, "a prisoner is not required to show that he was literally ignored by the staff to prove an Eighth Amendment violation, only that his serious medical needs were consciously disregarded." *Rouster v. Cnty. of Saginaw*, 749 F.3d 437, 448 (6th Cir. 2014). Put another way,

> [a] government doctor has a duty to do more than simply provide some treatment to a prisoner who has serious medical needs; instead, the doctor must provide medical treatment to the patient without consciously exposing the patient to an excessive risk of serious harm.

*LeMarbe v. Wisneski*, 266 F.3d 429, 439 (6th Cir. 2001).

Furthermore, the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684

5

(6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)).

Plaintiff's allegations satisfy neither prong. First, plaintiff does not allege facts showing that his gynecomastia amounted to a serious medical need. Plaintiff's allegations regarding the objective component are scant. Other than the swelling of his breasts and the change in his appearance, and a reference to experiencing some associated pain, he does not assert any serious physical symptoms from the condition. His grievances largely focused on his appearance and the swelling, and he only briefly asserted that he experienced "soreness" as well. (ECF No. 1, PageID.37-38.)

The United States District Court for the Northern District of Illinois described gynecomastia as follows:

> According to the Mayo Clinic,[1] "[g]enerally, gynecomastia isn't a serious problem, but it can be tough to cope with the condition" due to pain and embarrassment. . . . The Clinic explains that most cases of gynecomastia regress over time without treatment . . . . "Generally, no specific treatment is needed. Breast enlargement often disappears on its own or after its cause is identified. Surgical removal of excess breast tissue is effective but rarely necessary." . . . Finally, Mayo Clinic states that the condition "has few physical complications, but it can cause psychological or emotional problems caused by appearance." . . . The medical literature indicates that the condition is not considered serious by medical professionals, often requires no treatment, and is not likely to pose serious physical complications.

6

> [1] The Court takes judicial notice of facts presented by Mayo Clinic and the Merck Manual pursuant to Federal Rule of Evidence 201.

*Ayoubi v. Altez*, 2017 WL 773883 at *4 (N.D. Ill. Feb 27, 2017). The fact that Plaintiff does not allege facts showing a substantial risk of serious harm is therefore not surprising. Plaintiff does not allege that his condition resulted in significant pain sufficient to constitute a serious medical need satisfying the first prong of a deliberate indifference claim.

Plaintiff also fails to allege facts to satisfy the second prong. The complaint essentially claims that defendant Polavarapu prescribed medication without warning him of all possible side effects. He does not allege that the medication was not otherwise necessary or properly prescribed to treat his bipolar condition. Plaintiff further asserts that the remaining defendants then acted too slowly in ordering the mammogram. Nevertheless, he admits that a mammogram was, in fact, ordered and conducted within a few months of his complaint, and that he was thereafter given the option of weening off the Zyprexa.

Therefore, though plaintiff claims that the treatment for his bipolar condition involved some form of negligence, he does not assert facts that Defendants exposed him "to an excessive risk of serious harm." *LeMarbe*, 266 F.3d at 439. "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess

medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Specifically with respect to the failure to warn of gynecomastia as a potential side effect of certain medications, courts generally have held that the conduct does not amount to deliberate indifference. *See e.g.*, *Bryant v. Kaskie*, 744 Fed. Appx. 39, 42 (3d Cir. 2018) (*per curiam*) (agreeing with district court that doctor's failure to inform prisoner of gynecomastia as a potential side effect of risperidone insufficient to demonstrate deliberate indifference); *Williams v. Kelly*, No. 1:15-CV-8135 (N.D. Ill. Apr. 23, 2018) (granting summary judgment to prison doctor on plaintiff's claims that doctor was deliberately indifferent to plaintiff's serious medical needs by failing to warn plaintiff that gynecomastia was a possible side effect of Risperdal), aff'd, 777 Fed. Appx. 162 (7th Cir. 2019). Therefore, even assuming plaintiff's health care providers knew that gynecomastia was a possible side effect of his medication but failed to inform plaintiff or more quickly have him tested, the allegations are not enough to state an Eighth Amendment claim for deliberate indifference to a serious medical need.

Petitioner has therefore failed to allege facts to state a claim against any of the Defendants for deliberate indifference to a serious medical need.

8

## IV. CONCLUSION

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will **DISMISS** the complaint for plaintiff's failure to state a claim.

**IT IS SO ORDERED**.

Dated: February 1, 2021            s/Stephanie Dawkins Davis
                                   Stephanie Dawkins Davis
                                   United States District Judge